UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO, N.A., | No. 2:11-cv-02171-MCE-DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| SAM LOUIS LATINO, | |
| Defendant. | |

----oo0oo----

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff"), filed this unlawful detainer action in the Superior Court of the State of California, County of Sacramento, on April 11, 2011.  On August 15, 2011, Defendant Sam Louis Latino ("Defendant") removed the action to this Court, allegedly pursuant to 28 U.S.C. § 1332.  Presently before the Court is Plaintiff's Motion to Remand ("Motion").  For the following reasons, Plaintiff's Motion is GRANTED.[1]

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

1

**ANALYSIS**

Defendant executed a promissory note and deed of trust encumbering real property in Sacramento, California. Defendant then defaulted in payment of the promissory note, and Plaintiff purchased that real property at a subsequent non-judicial foreclosure sale. Defendant allegedly continues, however, to unlawfully occupy the property. Plaintiff thus initiated this unlawful detainer action in state court seeking less than $25,000 in damages. Defendant subsequently removed that state action to this Court purportedly pursuant to its diversity jurisdiction, and Plaintiff now seeks an order of remand. Defendant has not opposed Plaintiff's Motion.

A defendant may remove any civil action from state court to federal district court if the district court has "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties and the amount in controversy exceeds $75,000; or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332.

Courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, if there is any doubt as to the right of removal in the first instance, remand must be granted. See id.

///

1  Furthermore, "[i]f at any time before final judgment it appears
2  that the district court lacks subject matter jurisdiction, the
3  case shall be remanded" to state court as well.  28 U.S.C.
4  § 1447(c).

5  Defendant contends removal is proper here under the Court's
6  diversity jurisdiction.  According to Defendant, the amount in
7  controversy is met because the value of the real property
8  underlying the unlawful detainer action is $292,000.  Notice of
9  Removal, 2:15-18.  Defendant is wrong.  First, by way of its
10 state court complaint, Plaintiff seeks no more than $25,000 in
11 damages.  Complaint, p. 3.  Moreover, because unlawful detainer
12 actions contest the right to possession of the property, not
13 title to the property, the actual amount in controversy here is
14 comprised primarily of holdover damages estimated at roughly
15 $7,000.  See Federal Nat. Mortg. Ass'n v. Lofton, 2011 WL
16 3739547, *3 (N.D. Cal.).  Accordingly, the amount in controversy
17 requirement has not been met in this case.

18 Moreover, even if Defendant was correct as to the amount in
19 controversy, which he is not, as a local defendant he is
20 precluded from removing the instant action to this Court.
21 28 U.S.C. § 1441(b) (Actions removed pursuant to the Court's
22 diversity jurisdiction are "removable only if none of the parties
23 in interest properly joined and served as defendants is a citizen
24 of the State in which such action is brought.").  Remand is thus
25 required.

26 Finally, this Court is empowered to award costs and
27 expenses, including attorney fees, incurred due to improper
28 removal.  28 U.S.C. § 1447(c).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). No objectively reasonable basis for seeking removal exists here. To the contrary the flaws in Defendant's removal petition were obvious, as evidenced by the above disposition and by Defendant's failure to oppose Plaintiff's instant Motion. An award of fees is thus justified.

Plaintiff's counsel, who has been practicing in California since 1978, avers he charges $250 per hour for his services and that it took him four hours to prepare the instant Motion. The Court specifically holds that both the above billing rate and the time expended on this matter are reasonable. Accordingly, Plaintiff's request for attorney's fees is granted in the sum of $1,000.[2]

**CONCLUSION**

For the reasons just stated, Plaintiff's Motion to Remand (ECF No. 5) is GRANTED, and Plaintiff is awarded $1,000 in attorney's fees incurred in prosecuting the instant Motion.
///
///
///

---

[2] Plaintiff has also requested costs. Having produced no evidence as to the costs incurred in filing the instant Motion, Plaintiff's request is denied.

4

1  The Clerk of the Court is directed to remand this case to the
2  originating state court, the Superior Court of the State of
3  California in and for the County of Sacramento, for final
4  adjudication.
5     IT IS SO ORDERED.
6  Dated: September 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE